Wilson, P. J.
The complaint in this case alleged that the plaintiff, Mrs. Gny, and the defendant entered into a co-partnership for the business of mining coal, and buy *2 ing and selling coal and coke; that the business was conducted for a few months, and that thereafter the defendant refused to further conduct it according to agreement. It was prayed that the partnership be dissolved, that a receiver be appointed, and that an accounting be had. The answer denied that there ever was a partnership, and also all other allegations of the complaint. Trial was to the court, which found that no partnership had ever been entered into between the parties, and dismissed the complaint. "VVe would be compelled to affirm this judgment under the well-settled rule that as to findings of facts this court will not substitute its judgment for that of the trial court unless the latter is manifestly against the weight of the evidence. Aside from this, however, an examination of the evidence shows that the finding of the court was in aeordance - with the great weight of the evidence. There was, in fact, no evidence that would have supported a finding to the contrary. There was some little testimony as to some conversation had by the husband of plaintiff with one Joseph Metzler, who was the agent and attorney in fact of the defendant, in which plaintiff’s husband was proposing the formation of a partnership, but there was no evidence to show that there was ever any consummation of this proposal, even so far as Metzler was concerned, much less so far as the defendant, Mrs. Rosewater, was concerned. It is not even suggested that either the plaintiff oilier husband ever had any agreement with the defendant, or any conversation or any communication with her about it. It is not shown that the parties ever met. It is claimed by the plaintiff, however, that Metzler was the agent for the defendant, but we search the record in vain for any evidence proving or tending to prove an agency conferring upon Metzler any authority to enter into a copartnership agreement for *3 or on behalf of the defendant. We find in the abstract a general power of attorney given to Metzler by Mrs. Rosewater to enter into possession of, control, sell and assign all her real estate and other property in certain states, including Colorado, but it certainly cannot be contended for an instant that this empowered him to enter into a copartnership agreement for her with any one, or on her account.
The judgment was undoubtedly correct, and will be affirmed. Affirmed.
Gunter, J., not sitting.